FISH BROS. WAGON CO. v. FISH BROS. MFG. CO.

(Circuit Court of Appeals, Eighth Circuit. June 19, 1899.)

No. 1,091.

1. JUDGMENT AS ADJUDICATION—MATTERS CONCLUDED.

　　In an action between the same parties, or those in privity with them, upon the same claim or demand, the prior judgment or decree upon the merits is conclusive of every matter that was or might have been litigated in the earlier suit.

2. ASSIGNMENT—RIGHT TO USE TRADE NAME OR DEVICE.

　　A right of individuals to use certain trade names and devices in connection with the manufacture and sale of an article, established by a judicial decree, is not personal, in such sense that it cannot be sold and assigned to another, in a different locality, in connection with a transfer of the good will of their business.[1]

Appeal from the Circuit Court of the United States for the Northern District of Iowa.

Charles Quarles, for appellant.

W. J. Turner (Charles W. Chase and Halleck W. Seaman, on the brief), for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

[1] As to right to assign trade-name generally, see note to R. W. Rogers Co. v. Wm. Rogers Mfg. Co., 17 C. C. A. 579.

SANBORN, Circuit Judge. In July, 1891, the Fish Bros. Wagon Company, a corporation, and the appellant in this suit, was manufacturing and selling farm wagons at Racine, in the state of Wisconsin, which it marked or designated, on the wagons and in its advertisements, by the use of the words "Fish," "Fish Brothers," and "Fish Brothers Wagon Company" and by the picture of a fish, with these and other words printed or painted upon it. The business of manufacturing and selling these wagons at Racine had been built up by Titus G. Fish and his brother, and had been carried on there for many years, until the wagons marked with these names and devices had become well known to the trade. The appellant had succeeded to this business, and to the right to use these names and devices, and the Fish brothers had retired from that business. At the same time, in this year 1891, Titus G. Fish, Edwin B. Fish, and Fred C. Fish had formed a partnership under the name of Fish Bros. & Co., and they were selling wagons marked with substantially the same names and devices, which were made at South Superior, in the state of Wisconsin, by the La Belle Wagon Works, a corporation, under a contract which it had made with Fish Bros. & Co. Thereupon, in July of that year, the appellant brought a suit in equity in the circuit court of Douglas county, in the state of Wisconsin, against the La Belle Wagon Works, Titus G. Fish, Edwin B. Fish, and Fred C. Fish, to obtain a decree that it was the sole owner of the right to use the words "Fish Bros.," "Fish Bros. & Company," and "Fish Bros. Wagons," and the device of a fish, with the words "Bros." or "Brothers" or "Bros. & Co." printed or stamped thereon, in designating wagons or vehicles. A preliminary injunction was issued against the defendants in that suit, in pursuance of the prayer of the bill. The defendants then answered, claimed the exclusive right to use these words and devices, and applied for an injunction against the appellant, and for an order vacating the injunction against them. The circuit court of Douglas county entered an order denying this application, and the defendants appealed to the supreme court of Wisconsin, which in June, 1892, reversed that order and held that the appellant and the defendants in that case had the right to use the words and devices in controversy to mark the wagons which they respectively made and sold, but that none of the parties to that suit had the exclusive right to use these words and devices, and that the defendants could not lawfully use them in such a way as would be calculated to induce purchasers to buy their wagons as and for the wagons manufactured by the appellant at Racine. Fish Bros. Wagon Co. v. La Belle Wagon Works, 82 Wis. 546, 52 N. W. 595.

The history of the growth of the business of manufacturing these wagons, of the use of the words and devices in controversy, and of the relation of Titus G. Fish and Edwin B. Fish to that business and to the appellant prior to 1891, appears from the statement which precedes the opinion in that case. The story is not material to the decision of this case, and it will not be related here. It is sufficient to say that Titus G. Fish and Edwin B. Fish made no contract with the appellant or its predecessors that they would not use the names

or devices in controversy in the business of manufacturing and selling wagons. The Wisconsin case was subsequently transferred to the circuit court of Milwaukee county, and was there tried on its merits. The result was that in 1894 a decree was rendered which fixed the rights of the parties to that suit in accordance with the opinion of the supreme court which we have cited. By that decree the defendants were enjoined from representing that they were manufacturing the genuine Fish wagon, or the genuine Fish Bros. wagon, or the genuine Fish Bros. & Co. wagon, and from using the words and devices in controversy "in such a way as will be calculated to induce, or will induce, any person to buy the wagons manufactured by said defendants, or either of them, as and for those manufactured by the plaintiff at Racine, Wisconsin"; but it was expressly adjudged "that the defendants Titus G. Fish and Edwin B. Fish are at liberty in good faith to apply to the wagons and other vehicles manufactured by them the words 'Fish Bros.' or 'Fish Bros. & Co.,' or the picture of a fish, provided they do it in a way not calculated to induce persons to buy the same as and for those manufactured by the plaintiff at Racine, Wisconsin, or to induce persons to believe that the defendants are, or that the plaintiff is not, the successor to the original business carried on at Racine, Wisconsin." This decree was rendered in April, 1894, and in December of that year the La Belle Wagon Works made an assignment; but Titus G. Fish continued to superintend the manufacture of wagons under its assignee until October, 1895. In August of that year, Titus G. Fish, Edwin B. Fish, and others, incorporated the appellee, the Fish Bros. Manufacturing Company. This corporation was organized to manufacture and sell farm wagons, pursuant to an agreement between Titus G. Fish, Edwin B. Fish, and William P. Murray, on the one hand, and certain citizens of the city of Clinton, in the state of Iowa, on the other, to the effect that the first parties would remove from South Superior, and set up in a wagon factory at Clinton all the machinery and patterns which they had in use at South Superior, in the state of Wisconsin, and that they would transfer their business of manufacturing wagons to Clinton, Iowa. They performed this agreement. They removed their machinery and patterns to Clinton, and Titus G. Fish and Edwin B. Fish assigned to the Fish Bros. Manufacturing Company all the good will of their business, and the exclusive right to all the trade-marks and trade-names which they had used in their business of manufacturing, buying, and selling wagons. Titus G. Fish became the president, and Edwin B. Fish one of the directors, of the new corporation. As soon as this corporation had equipped its factory, it commenced to manufacture at Clinton, in the state of Iowa, and to sell, farm wagons, which it designated, upon the wagons themselves and in its advertisements, by the names and devices which were in controversy in the suit in Wisconsin. Thereupon the appellant exhibited its bill against the appellee in the circuit court of the United States for the Northern district of Iowa, and prayed for an injunction against the use by the appellee of the words "Fish Bros.," "Fish Bros. & Co.," "Fish Bros. Wagons," and of the device consisting of a fish, with the

words "Bros.," "Bros. & Co.," or "Bros. Wagons" upon its wagons or in its advertisements, and against its advertising any of its wagons as the "Genuine Fish Bros. Wagons," or the "Fish Bros. & Co. Wagons." The appellee answered that it had the right to use these words and devices, under the decision and decree in Wisconsin, and that upon its wagons and in all its advertisements it had caused it to plainly appear that its wagons were not made by the appellant, at Racine, Wis., and that they were made by it, at Clinton, Iowa, so that no one could be deceived into buying them under the mistaken belief that they were made by the appellant. Testimony was taken, and the case was heard and decided upon its merits. The circuit court held that the rights of the parties were fixed by the decree in Wisconsin, and rendered a decree in this suit in accord with the decree in the Wisconsin case. It adjudged, in terms, that the appellee had acquired by its assignment from Titus G. Fish and Edwin B. Fish the right to the use of the words and devices in question to the same extent and in the same way that the court in Wisconsin decreed that the Fishes had the right to use them, and that the appellant also had the right to use them, as the successor to the business and good will at Racine; and it enjoined the appellee from representing that it was continuing the business at Racine, and from representing that its wagons were the product of the factory at Racine, from claiming or representing that its wagons were the genuine, or that the complainant's wagons were not the genuine, Fish wagons, and from using the word "genuine" in any of its advertisements, or other means used to further its business and the sale of its wagons. The opinion of the circuit court upon which this decree is founded appears in 87 Fed. 203.

We have stated with this care and particularity the course of the prior litigation over the right to the use of the words and devices in controversy in this suit, because to state fairly the issues involved and the decree rendered in that litigation is to decide this case. The record discloses the fact that the same rights and questions, upon a state of facts not materially different, are involved in this suit that were in issue and were determined by the decision and decree in Wisconsin. It discloses the fact that the complainant is the same as in the suit in Wisconsin, and that the defendant is the assign of Titus G. Fish and Edwin B. Fish, the two defendants in that suit, who were held by the Wisconsin courts to be entitled to use the words and devices in question. The unavoidable result of this state of facts is that the rights of the parties to this suit are determined by the decree in Wisconsin. The appellant was the complainant, and the appellee is a privy of the defendants in that case, and the same claim or demand is in issue in this suit that was determined in that suit. In an action between the same parties, or those in privity with them, upon the same claim or demand, the prior judgment or decree upon the merits is conclusive of every matter that was or might have been litigated in the earlier suit. Board v. Platt, 49 U. S. App. 216, 223, 25 C. C. A. 87, 91, and 79 Fed. 567, 571; Cromwell v. County of Sac, 94 U. S. 351, 352; Iron Co. v. Eells, 32 U. S. App. 348, 366, 15 C. C. A. 189, 201, and 68 Fed. 24, 35, 36.

The appellant contends that this rule is inapplicable to the case at bar, because the right of Titus G. Fish and Edwin B. Fish to the use of the words and devices in question was a personal right, which they could not assign, and because it was not subject to sale as distinct property, separate from the articles manufactured and the business of manufacturing, so that, as it claims, the appellee acquired no right to their use under its assignment from the Fishes. But this position is untenable, because the evidence is clear, not only that the assignment of the right to use these words and devices contained a conveyance of the good will of the business of the Fishes in Wisconsin, but also that it was a part of a single transaction by which they transferred to the appellee, at Clinton, Iowa, all the machinery, patterns, business, good will, and the right to the use of the trade-names which they owned and used in the business of manufacturing wagons at South Superior, Wis., and of selling them throughout the country. The assignment was not invalid because it was not accompanied with a transfer of the business and machinery. Nor was there anything so personal and private in the right to use these names and devices that it was incapable of sale and transfer. That right was the property of the Fishes, and this litigation indicates that, in connection with their business of making and selling wagons, it was property of considerable value. Restraints upon alienation are not favored by the law. The modern rule is that one may do what he will with his own, unless prohibited by a positive statute or restrained by manifest public policy. The principal value of property inheres in the right to sell it, and all property is presumed to be salable and assignable, unless its sale or assignment is clearly forbidden. Barnes v. Poirier, 27 U. S. App. 500, 501, 12 C. C. A. 9, 10, and 64 Fed. 14, 15. There was no law and no public policy which inhibited the assignment by the Fishes of the right to use the trade names and devices here in question, and their assignment to the appellee vested in it all the rights and privileges which they held under the decree in Wisconsin. Nervine Co. v. Richmond, 159 U. S. 293, 302, 16 Sup. Ct. 30; Kidd v. Johnson, 100 U. S. 617, 620; Chemical Co. v. Meyer, 139 U. S. 540, 11 Sup. Ct. 625; Hoxie v. Chaney, 143 Mass. 592, 595, 10 N. E. 713.

The decision and decree in Wisconsin relieve us from a consideration of the question whether or not the use by the appellee of the names and devices in controversy tends to confusion in the trade, and to its diversion from the appellant. The decree establishes the right of each of the parties to this suit to use the names and devices to mark its wagons, on the single condition that it does not so use them as to induce purchasers to buy its product in the mistaken belief that it is the product of its competitor. It must be conceded that the use of the same names and devices by two rival manufacturers makes it difficult to avoid confusion and mistakes in the trade, and to prevent the infringement of one upon the other. The decree in Wisconsin has, however, established that right, and it has imposed the duty of so exercising it that no purchaser will be induced to buy its wagons in the belief that they are those of the appellant, upon the appellee in this suit. The evidence in this case is convincing that

the competition between these parties is sharp, and that the appellee is inclined to press over the line fixed by the adjudication in Wisconsin; but the duty of the court below was fully discharged, and under that decree the limit of its power was reached, when it confirmed the rights there established, and enjoined their violation. A careful comparison of the two decrees in the light of the entire record in this case has forced us to the conclusion that no decree can be drawn which will accomplish this result more effectually and exactly than that which the court below has rendered. It must accordingly be affirmed, with costs, and it is so ordered.