BICKMORE GALL CURE CO. v. KARNS MFG. CO. et al.

(Circuit Court, W. D. Pennsylvania. November 9, 1903.)

No. 8.

**1. TRADE MARKS—EXTENT OF MONOPOLY CONFERRED—INFRINGEMENT.**

The representation of a horse on packages containing a salve used to cure galls or abrasions of the skin of horses and cattle is generic in character, and the registration of such a representation as a trade-mark cannot give a monopoly of the right, and exclude others from using any representation of a horse on medicine of the same character, but the exclusive right is limited to the representation of a horse of the same or substantially similar appearance, style, or position.

**2. SAME.**

The term "Gall Cure" is descriptive of a medicine, and cannot be monopolized as a trade-mark, standing alone, and when used as such in connection with a picture is not infringed by the use of the words as a part of the name of another remedy in connection with another and distinctive picture.

**3. SAME.**

The words, "Be Sure and Work the Horse," standing alone, cannot be appropriated as a trade-mark for a gall cure where it is shown that they are directive, and also descriptive of the characteristics of a class of remedies which are more effective when such direction is followed. And a trade-mark in which such words are combined with a picture is not infringed by their use by another unless in connection with a similar picture.

**4. SAME—UNFAIR COMPETITION—IMITATION OF PACKAGES.**

The boxes, cartons, and labels used by complainant and defendants for packing the remedies for galls on horses and cattle, made and sold by the parties, respectively, compared, and *held* to show no greater similarity than would naturally exist in view of the similarity of the remedies, and not to render defendants chargeable with unfair competition by imitating complainant's packages.

In Equity. Suit for infringement of trade-marks and unfair competition. On final hearing.

Wm. H. Doolittle, H. L. Christy, and Joseph F. Gould, for complainant.

McCalmont & Osborne and S. S. Mehard, for respondent.

BUFFINGTON, District Judge. This is a bill brought by the Bickmore Gall Cure Company against the Karns Manufacturing

---

¶ 1. Arbitrary, descriptive, or fictitious character of trade-marks and trade-names, see note to Searle & Hereth Co. v. Warner, 50 C. C. A. 323.

¶ 4. Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.

Company and Augustine S. Karns to enjoin infringement of three trade-marks granted the complainant; also to enjoin alleged unfair competition by the respondent. A motion for a preliminary injunction on ex parte affidavits was heretofore refused, the court being of opinion "that the right of the complainant to a preliminary injunction has not been affirmatively established." The case now comes for final hearing on proofs. Both parties are engaged in the manufacture and sale of a salve used to cure galls or abrasions of the skin of horses and cattle, and the alleged wrongs consist in the dressing of the cartons and boxes in which the salve is sold. The first trade-mark in question is No. 30,113, of June 1, 1897, which consists of a horse at work. We are of opinion respondent has not violated this mark in the representation of four horses. Both pictures are used on boxes containing the salve. The complainant's trade-mark cannot confer a monopoly to every representation of a horse upon a medicine of that character. Such a mark would be generic in character. Its right is restricted to the particular horse designated in the registration, or one of substantially similar appearance, style, or position. The respondent's horses widely differ therefrom. It has four horses, and not only has it this number, but the name of its remedy, "Four Horse Gall Cure," expressly calls attention to its marked difference from the single horse of complainant's trade-mark. The horses are moving in an opposite direction. They are harnessed together, and the reins show they are driven as a four-horse team. We are of opinion that no one familiar with complainant's trade-mark of a single horse could be misled by the four horses of the respondent. Nor do the proofs, when critically examined, show that any purchaser thus familiar with complainant's trade-mark was misled by such supposed resemblance.

The same remarks apply to the second trade-mark in question, viz., No. 28,282, registered May 19, 1896. This consists of a representation of the same horse accompanied by the words "Gall Cure." The alleged violation thereof consists in the use of the words "Four Horse Gall Cure for Horses and Cattle," accompanied by the representation above described of four horses, and other marks of alleged similarity. The term "Gall Cure" is one descriptive of a medicine, and, standing alone, could not be monopolized as a trade-mark. Nor is it so claimed here, for the statement of registration is that the essential features are the words "Gall Cure" and "the representation of the horse." Now, as we have seen, the respondent has not appropriated, either in likeness or substantial likeness, the representation of the horse in question. It has emphasized the difference both in the number employed and in the name of its remedy. We are therefore of opinion no violation of such trade-mark is shown.

The third and last one is No. 21,456, granted July 19, 1892. This is for the words, "Be Sure and Work the Horse," in connection with the representation of the same horse. Now, the proofs of both sides establish the fact that the remedy of both parties is more effective if the horse to which it is applied is kept at work. Galls usually form under some part of the harness, and if the cure is applied the increased temperature arising from working the horse and the friction

of the harness upon the galled part cause the salve to be more quickly and beneficially absorbed. The words, "Be Sure and Work the Horse," therefore designate both a directive feature and a particular quality or excellence of the remedy. In effect it is a direction to work the horse in order to obtain results from the cure, and it further emphasizes the valuable feature of the medicine, namely, that a horse does not have to stop work while the cure is being effected. The phrase is, apart from the elements noted, an attractive and catchy one, and one which naturally becomes associated with the remedy; but for present purposes we regard it only from the standpoint of embodying directive and descriptive features. It is apparent one cannot acquire a monopoly to a phrase of a directive character, or to one descriptive of the characteristics of a class of remedies. Obviously such phrase, standing alone, could not secure trade-mark protection, and if such directive and descriptive phrase can be made the subject of such protection—which we assume for present purposes it can—it is only in connection with the particular picture of the horse. Now, as we have seen, the horse of the trade-mark is not used by the respondent, and therefore no violation thereof is shown.

The question of unfair competition still remains. This is alleged to consist in the respondent making a salve of substantially the same appearance as the complainant; using a box, wrapper, and carton of similar appearance; dressing the box in the same general manner, and especially in using the catch phrase, "Be Sure and Work the Horse." We have carefully examined the proofs, and have reached the conclusion that the complainant has not shown such a state of facts as warrant a decree. The complainant had built up a large trade in its salve, and the respondent, Karns, a traveling salesman for another horse medicine, was familiar with the complainant's remedy and its general use. We have no doubt that his originally contemplated purpose was to use the phraseology of commendation and description long used by complainant. Before, however, he had put any of his goods on the market, his initial circulars called forth a protest from the complainant. Thereupon he consulted counsel, and changed his wording, and, while there are still points of resemblance, we are of opinion that such resemblance may fairly be attributed to the fact that both parties sell remedies of the same kind, and intended to accomplish the same result. Between the cartons, in which a dozen of the boxes are packed, there is no resemblance, save in one or two respects—the boxes are the same size, and on the four sides complainant has his trade-mark and this phrase, "Be Sure and Work the Horse," while the respondent has on two ends "Four Horse Gall Cure," and on the sides the phrase, "Always Work the Horse." Complainant's carton is of a bright straw, while respondent's is a salmon color. The tops of the boxes are distinctly different. The name "Four Horse Gall Cure" is printed in large type, instead of "Bickmore's Gall Cure" as on complainant's carton. Respondent has a large-sized picture of four driven horses, while complainant has the one horse of its trade-mark. Respondent's box states the salve is manufactured by the Karns Manufacturing Company, Franklin, Pa., while complainant states that its is made by the Bickmore Gall

Cure Co., Old Town, Maine. At the lower end of complainant's carton we have the words, "The More Work, the Quicker the Cure;" on respondent's, "So Easy to Use While the Horse Works." An inspection of these boxes shows it would be impossible for any one giving any attention whatever to the appearance of one box to mistake it for the other. As to the flat six-ounce box of respondent, it is so radically different from the tall box of complainant that there could be no mistaking the one for the other. As to the small two-ounce boxes, they are near about the same in size, but complainant has paper pasted on tin, while respondent's is enameled and lettered, and is of a darker shade. On the top of complainant's we have the one horse of the trade-mark; on respondent's the four horses, with the name "Four Horse Gall Cure" above them in large letters. The name of the Karns Manufacturing Company is also printed in large letters. Around the rim of complainant's box are the words, "Be Sure and Work the Horse," with the cut of the trade-mark horse; around respondent's, "Always Work the Horse While Using the Cure." The proofs satisfy us that where real or pretended purchasers asked dealers for Bickmore's Gall Cure and were given Four Horse this was done by the dealers in order to reap the larger profit arising from the sale of the latter, and the latter article was accepted not because the pretended buyers were misled by the similarity of the articles, but because it was desired to test whether the Four Horse Remedy was being sold when Bickmore's was called for. In such case the substitution did not succeed because the purchaser was misled, but because the dealer was dishonest, and the purchaser was content to take an article he did not order. In cases where the test purchasers asked for the kind their employers had used, and instead of Bickmore's were given Four Horse, there is no proof that either was misled by the appearance of the package. The testimony in this case satisfies us that the respondent, by selling his salve at a lower price than complainant, has made it more profitable for the retailer to sell the salve than complainant's. In such cases the retailer has evidently sold the cheaper article to the customer not by reason of its resembling the complainant's, but he simply substituted one for the other, and the pretended or test purchaser made no objection to such substitution. With every disposition to enjoin unfair competition, we are unable to find in the testimony sufficient to warrant an injunction. Accordingly a decree dismissing the bill may be drawn.