GRIGGS, COOPER & CO. v. ERIE PRESERVING CO.

(Circuit Court, W. D. New York. July 5, 1904.)

No. 199.

1. TRADE-MARKS—INFRINGEMENT—INJUNCTION—JURISDICTION.

A federal court has jurisdiction of a suit between citizens of different states to enjoin infringement of a trade-mark, though the actual value of the trade-mark is not alleged, and it is not averred that it will be destroyed by defendant's unlawful use.

2. SAME—ASSIGNMENT—RIGHT CONVEYED.

An instrument reciting that F. grants, licenses, assigns, and sets over to G. and its successor in business the absolute and exclusive use of certain trade-marks, and all benefits and advantages to be derived therefrom and enjoyed therewith, in and to certain states, such absolute and exclusive use to be held and enjoyed by G. for its own use and behoof, but during such time only as it and its successors shall continue in business, as fully and entirely as it would have been held by F. had this agreement not been made; provided, however, that G. shall not use any label which shall imitate or conflict in color or design with the label used by F.; and provided that the agreement shall not prevent F. or its successors from using such trade-marks in said states, provided it shall not adopt any new label which shall imitate or conflict in color or design with the label of G.—does not give G. a mere license, but assigns the exclusive ownership and good will in the trade-marks, within the specified states, merely reserving to F. certain permissive rights of personal use; and so is sufficient to entitle G. to maintain a suit to enjoin infringement by a third person of the trade-marks in the specified states.

3. SAME—WHAT CONSTITUTES INFRINGEMENT.

The words "Home Comfort" are an infringement of complainant's trademark "Home Brand," used on canned goods, the word "Home" being the essential feature of it.

Duell, Megrath & Warfield (Morphy, Ewing & Bradford, of counsel), for complainant.

Macomber & Ellis, for defendant.

HAZEL, District Judge. This is a bill in equity to restrain the defendant from using the words "Home Comfort" as a trade-mark

placed on canned fruits, jellies, and sauces. The complainant's trademark consists of the arbitrary words "Home Brand" for the same vendible commodity. The case was heard on the pleadings and an agreed statement of facts. The question of jurisdiction, which was raised, must, therefore, be determined from those papers. The allegation of diversity of citizenship between complainant and defendant, both of which are corporations, is not denied. Complainant's business is that of wholesale grocer at St. Paul, Minn. Defendant is a manufacturer of canned vegetables and fruits at Buffalo, N. Y., with trade connections throughout the United States. The amount in controversy, according to the bill, exceeds the sum of $2,000. The record does not specify the amount of damages sustained by the orator, and no claim to recover any amount was asserted on the hearing. The actual value of the orator's common-law rights to the trade-mark is not specifically stated or proved. Neither is it averred in the bill that its trade-mark will be destroyed by defendant's unlawful use thereof. Hence the objection is urged that the court is without jurisdiction. This point will first be briefly considered. It is not necessary that the amount of actual damages sustained be proved for this court to retain jurisdiction and decide the question of infringement. It is enough that the parties are citizens of different states, and that irreparable damage may be sustained by a continuance of the alleged wrongful acts of the defendant. The value of the object to be gained by a bill in equity is the test of jurisdiction. The injury from which relief is sought is the wrongful appropriation and infringement by defendant of complainant's arbitrarily selected word "Home" as a trade-mark. The remedy invokes the restraining power of the court. To restrain and enjoin future trespasses upon property rights in a proper case is one of the privileges conferred upon a court of equity, and the value derived from the exercise of such power is often difficult of ascertainment. Symonds v. Greene (C. C.) 28 Fed. 834; Johnston v. City of Pittsburg (C. C.) 106 Fed. 753; American Fisheries Co. v. Lennen (C. C.) 118 Fed. 869; Gannert v. Rupert (C. C. A.) 127 Fed. 962. The objection that the court is without jurisdiction is therefore overruled.

The record shows that in the year 1889 complainant's predecessor, Griggs, Cooper & Co., a partnership, manufactured and sold articles of merchandise, consisting of canned jellies, fruits, and sauces, under a common-law trade-mark "Home Brand." Except as hereinafter stated, such use and appropriated right has continued uninterrupted from that time, and on August 17, 1898, a trade-mark consisting of the arbitrary word "Home" was reregistered (No. 31,881) by complainant in the office of the United States Commissioner of Patents. The original registration was for the words "Home Brand." Soon afterwards complainant learned that Fry & Co., a Pennsylvania corporation, were the first to use and adopt a trade-mark "Home Brand" as a distinctive mark of identification for the manufacture and sale of canned jellies, fruits, etc. Such prior appropriation was dated some time in the year 1877. Accordingly, on June 9, 1900, complainant, by written assignment from Fry & Co., acquired an exclusive right to use the previously adopted marks "Home Brand" and "Home," as specifically appropriated within certain territory comprising the states of Minnesota,

Wisconsin, North Dakota, South Dakota, and Montana. The trademarks mentioned and previously appropriated by Fry & Co. in the manner stated were registered in the office of the Commissioner of Patents. Their numbers are 51,130, registered September 4, 1877, and 11,850, reregistered January 6, 1885. The specification of the reregistered mark declares that the essential feature of the trade-mark "Home Brand" is the word "Home." The assignment from Fry & Co. to the complainant was in the following words:

"And the said party of the first part for itself and its successors, does hereby grant, license, assign and set over unto the said parties of the second part, and their successors in business the absolute and exclusive use of all and singular the hereinbefore mentioned trade-marks dated July 6, 1885, and March 29, 1892, and numbered respectively, 11,850, and 20,913, and all benefits and advantages to be derived therefrom and enjoyed therewith, in and to the several states of Minnesota, Wisconsin, North Dakota, South Dakota and Montana, but in no other place or places whatsoever, such absolute and exclusive use to be held and enjoyed by the said parties of the second part for their own use and behoof, but during such time only as they and their successors shall continue in business, as fully and entirely as the same would have been held by the said party of the first part had this agreement not been made: provided, however, and it is hereby further agreed by and between the parties hereto, that the said parties of the second part shall not during the term hereby granted, use or employ any label or labels relating to said trade-marks which shall imitate or in any manner conflict in color or design with the label or labels relating to the said trade-marks now used and enjoyed by the said party of the first part; and provided, further, that nothing in this agreement contained shall prevent the said party of the first part, or its successors, from using and enjoying the said trade-marks hereby assigned as aforesaid on the classes of goods heretofore mentioned in the said several states, or in any of them, provided the said first party shall not adopt or use any new label or labels not already used by it, which shall imitate or in any manner conflict in color or design with the label or labels relating to said trade-marks now used by the said parties of the second part."

The provisions appended to the assignment at the end of the clause just quoted in effect preserved to the assignor the right to use the trade-mark in the territory specified in the assignment on condition that no labels would be used or adopted by it in imitation of or similar to those employed by the transferee. The specific language employed is open to the reasonable construction that the intention of the assignor was to convey to Griggs, Cooper & Co., complainant, an absolute and exclusive ownership of the trade-mark "Home Brand," and the right to use the same in the sale of its vendible commodity in the localities mentioned in the assignment. The reservation to the transferror does not limit or qualify the alienation of the prior adopted mark to complainant and its successors in their business. I am of the opinion that complainant's right to use the trade-mark "Home Brand" depends solely upon the terms of the assignment from Fry & Co., irrespective of any asserted claim by complainant to prior adoption of the trade-mark "Home." The argument of the defendant proceeds upon the theory that Fry & Co., because of the limitations expressed in the assignment, did not convey an exclusive right to appropriate the distinctive mark by which its vendible goods were identified, and that the effect of the writing was to create a mere license which did not convey the good will or business of the transferror, and therefore complainant has no such exclusive right to the use of the words "Home Brand" or the word

"Home" as would permit recourse on the part of complainant to a court of equity for a violation of trade-mark rights. This proposition is thought unsound. The written agreement unquestionably carried with it a valuable concession which inured to the business advantage of the complainant corporation. On the other hand, the assignor parted with the exclusive ownership and good will in its arbitrarily selected trade-mark "Home Brand" within the territory specified in the assignment, merely reserving to itself, as we have seen, certain permissive rights in its personal use. The primary acquisition by Fry & Co. of the mark adopted to indicate its manufacture of the articles to which the same was appropriated was undeniably transferable (Fish Bros. Wagon Co. v. Fish Bros. Mfg. Co., 95 Fed. 457, 37 C. C. A. 146; Kidd v. Johnson, 100 U. S. 619, 25 L. Ed. 769), and such assignment is sufficient to entitle complainant to the protection afforded to owners of trade-marks in like cases (Kinney Tobacco Co. v. Maller, 53 Hun, 344, 6 N. Y. Supp. 389). These conclusions lead to the question of infringement. It appears that the defendant has sold canned jellies, sauces, and fruits under a trade-mark designation the title of which is "Home Comfort," within the territory covered by the assignment to Griggs, Cooper & Co. The adoption of these words, as applied to a specified article, was subsequent to the appropriation and use by complainant of the arbitrary word "Home" as a trade-mark for its vendible goods of a similar character. In my judgment, the word "Home" was the essential feature of complainant's trade-mark, and therefore its use in connection with the word "Comfort" is a violation and infringement of complainant's exclusive right to employ that word as a distinctive mark of authenticity of the product of its manufacture and sale. The principle enunciated in New Home Sewing Machine Co. v. Bloomingdale (C. C.) 59 Fed. 284; Lever Bros. v. Pasfield (C. C.) 88 Fed. 484; N. K. Fairbank Co. v. Luckel King & Cake Soap Co., 102 Fed. 327, 42 C. C. A. 376; Gannert v. Rupert, supra—would seem to apply to this case. It further appears by the record that the word adopted by complainant to identify its goods has become well known to the purchasing public by that designation in the territory hereinbefore stated. It has been appropriated by the defendant to designate a similar commodity sold in the locality wherein complainant's trade-mark has become distinctively known. Although, as appears by the statement of facts, the complainant did not originally appropriate the trade-mark "Home," as applied to the article to which it is affixed, yet it obtained an undoubted right, at least as far as defendant is concerned, to its use under the assignment in the territory therein mentioned. Therefore, as has been observed, complainant is entitled to have such rights protected. The words "Home Comfort" are an infringement of the essential features of complainant's trade-mark. It was held in Saxlehner v. Eisner & Mendelson Co., 179 U. S., at page 33, 21 Sup. Ct. 7, 45 L. Ed. 60, that, in order to constitute infringement, it is not necessary that every word of a trade-mark should be appropriated, that, to establish infringement, it is sufficient if enough be taken to deceive the public in the purchase of the protected article. Defendant's trade-mark, as we have seen, is appropriated to vendible articles of a similar character which are sold in the same territory as complainant's articles.

It follows, therefore, that a decree must be entered, with costs, and an injunction restraining the defendant from infringing complainant's trade-mark in the states of Minnesota, Wisconsin, North Dakota, South Dakota, and Montana may issue.