WALTER BAKER & CO., Limited, v. PURITAN PURE FOOD CO.

(Circuit Court, S. D. New York. July 3, 1905.)

No. 8,588.

1. TRADE-MARKS—INFRINGEMENT—IMITATION OF LABELS.

Equity will afford relief against the infringement of a trade-mark consisting in part of a picture or figure, although the alleged infringing picture is not a close imitation, but is merely of the same generic character, where the resemblance is such as is calculated to mislead ordinary purchasers into buying the product of defendant for that of complainant.

2. SAME—LABELS FOR CHOCOLATE AND COCOA—SIMULATION OF PICTURE.

Complainant and its predecessors for 30 years or more have used as a trade-mark for their preparations of chocolate and cocoa, both in advertisements and in their labels, a full length picture of a woman or girl in the dress of a waitress, copied from a painting, in connection with their name and location as manufacturers. During such time complainant's products have become widely known, and are called for by a considerable class of customers, notably children and others unable to read, as the kind with the woman or girl on the label. Held, that the later adoption and use by defendants of labels on the same kind of products, the principal feature of which is the full-length picture of a woman or girl, having a general similarity in appearance, although differing in dress and position, from that of complainant, and in connection with its own name as manufacturer, constituted an infringement, which entitled complainant to an injunction; the similarity being such as is calculated, and as indicates an intention, to deceive purchasers.

In Equity. Suit for infringement of trade-mark.

Archibald Cox and William L. Putnam, for complainant.

Robinson, Biddle & Ward (Artemas Ward, Jr., and Henry Galbraith Ward, of counsel), for defendant.

HAZEL, District Judge. This action was brought to enjoin the defendant corporation from infringing complainant's trade-mark or brand, which was registered on October 16, 1883, and for an accounting. The trade-mark consists of a representation of Liotard's painting "La Belle Chocolatiere," which is a full-length figure of a woman or girl, dressed as a waitress, wearing a cap and apron, and carrying a tray bearing cups of chocolate, and of the letters and words, "Walter Baker & Co's. Chocolate, Broma and Cocoa Preparations, Dorchester, Mass." The symbol or trade-mark was originally adopted by complainant for its product—chocolate and cocoa—and was also first used by complainant or its predecessor upon all labels, packages, cartons, or boxes in which the merchandise is sold. The answer denies infringement, and particularly asserts that the wrappers and pictures upon defendant's packages differ from those of complainant, and are not calculated or intended to deceive the public.

Discussion was had at the bar as to whether the complainant relied upon its registered trade-mark or a technical common-law right. This contention may be decided conveniently at the outset, for the proofs abundantly establish the existence of a common-law right in complainant to its indicated trade-mark or brand. Jurisdiction is conferred upon this court by reason of diversity of citizenship, and not because of the registration of the trade-mark, the effect of which was to "afford and perpetuate the complainant's title" to a vested property right. Trade-Mark Cases, 100 U. S. 92, 25 L. Ed. 550; Saxlehner v. Eisner & Mendelson Co., 179 U. S. 19, 21 Sup. Ct. 7, 45 L. Ed. 60; Godillot v. American Grocery Co. (C. C.) 71 Fed. 873. The defendant's principal contention is that the indicated appropriation of the trade-mark by complainant did not confer the exclusive right to its use, unless associated with a distinctive dress or design. The argument proceeds upon the theory that the full-length figure or representation of a woman or girl printed upon labels or wrappers is generic in character, and accordingly no monopoly rights therefor are conferred by law. This proposition is not strictly maintainable. It has many times been held that equity affords relief in this class of cases upon the ground that no one is permitted to offer his merchandise for sale with a view of palming it off to purchasers as that of another. McLean v. Fleming, 96 U. S. 245, 24 L. Ed. 828. Whether there is such a degree of resemblance between complainant's and defendant's trade-marks that ordinary purchasers are likely to be deceived must be determined by the facts. Upon this branch of the case the authorities uniformly hold that no one can appropriate a trade-mark similar to that used by a rival dealer if the resemblance is such as to mislead the ordinary purchaser into the belief that his goods are those of his rival. Coats v. Merrick Thread Co., 149 U. S. 562, 13 Sup. Ct. 966, 37 L. Ed. 847; Fuller v. Huff, 104 Fed. 141, 43 C. C. A. 453, 51 L. R. A. 332, and cases cited. The registered trade-mark or brand used by defendant and its predecessor since October, 1889, in advertising and selling its chocolate and cocoa, consists

·of a picture of a full-length figure of a girl dressed in a Puritan costume against a white background, with a rock to the left. The defendant's product is put on the market as "Puritan Pure Foods," which words, together with the name of defendant, appear upon the labels, wrappers, and boxes in which it is sold. The label or wrapper on the front of defendant's cans or boxes of cocoa contains a colored representation of the defendant's trade-mark. Complainant contends that the picture displayed by the defendant upon its standard cans and packages, in connection with its commodity, though of different color and differentiating accessories, is nevertheless a counterfeit of its previously adopted trade-mark. Evidence has · been introduced to show that complainant has constantly used its trade-mark or emblem since about 1875, and at enormous expense has thus advertised its product in the leading newspapers and periodicals published throughout the United States and Canada. As a natural result thereof, complainant's appropriation not only attracted the attention of the public generally, but was the means of identification ·of its chocolates and cocoa by the consumer. That such chocolate and cocoa is frequently purchased and designated by the buyer ,as "the cocoa with the picture of the woman or girl," or "the chocolate with the picture of the lady," is abundantly established by the evidence. Hence it cannot be successfully controverted that complainant's chocolate and cocoa, irrespective of the words "Walter Baker & Co." printed upon the labels, became and were distinctively known and identified by its trade-mark. The full enjoyment of such reputation and means of identification by complainant is unmistakably entitled to. protection. The fact that its product is also known or identified by the name of "Baker," or "Walter Baker's Chocolate or Cocoa," is not material. The purchaser is entitled to receive the commodity which he desires and intends to buy, although other persons may know it by different marks of identification or accessories. When a trade-mark or brand, standing alone, is relied upon as the distinguishing feature, the origin and ownership of the article must be indicated. Lawrence Mfg. Co. v. Tennessee Mfg. Co., 138 U. S. 537, 11 Sup. Ct. 396, 34 L. Ed. 997. And when this is shown a rival trader employing a spurious and imitative ·device is not permitted to escape the charge of infringement. The question is whether the resemblance between the genuine and counterfeit trade-marks is such as to mislead the ordinary purchaser buying with reasonable care. The rule is succinctly stated in Bass, etc., Co. v. Feigenspan (C. C.) 96 Fed. 206, as follows:

"The lawful appropriator and employer of a trade-mark has an exclusive right of use, and is entitled to be effectually secured in the full enjoyment of that right. If other persons are to be permitted to violate that exclusive right on the plea that the counterfeit symbol, as applied in a given case, has such accessories as to render deception of purchasers improbable, or even impossible, an element of uncertainty and confusion will be introduced, which cannot fail to encourage fraud and promote litigation. A sound public policy requires that the spurious trade-mark be suppressed, whether it is or is not for the time being accompanied by such accessories, not constituting part of it, as to avoid deception or render it unlikely."

Gannert v. Rupert, 127 Fed. 962, 62 C. C. A. 594.

The Supreme Court of the United States, in Gorham Co. v. White, 14 Wall. 511, 20 L. Ed. 731, in speaking of the similarity of design, said:

"It must be the sameness of appearance, and mere difference of lines in the drawing or sketch, a greater or smaller number of lines, or slight variances of configuration, if sufficient to change the effect upon the eye, will not destroy the substantial identity."

The origination of a trade-mark, or rather the conception thereof, as it is variously expressed, would seem to be entitled to protection Neither the name, "Walter Baker Co.," and the words, "La Belle Chocolatiere," upon the labels and wrappers, appealed as strongly to the mind of the consumer as did the picture. The facts show that it was through the picture of the full-length figure of the woman or girl that the vendable goods of complainant became popularly known to many persons, especially to children and others who are unable to read and write. This would seem to be the test. Pillsbury v. Pillsbury-Washburn Flour Mills Co., 64 Fed. 846, 12 C. C. A. 432; Thos. Hubbuck & Son, Ltd., v. Brown, 17 R. P. C. 645. The case of Bickmore Gall Cure Co. v. Karns Mfg. Co. (C. C.) 126 Fed. 574, cited by defendant, is clearly distinguishable. In that case complainant's trade-mark, consisting of a picture of a single horse on packages and labels, was properly held not infringed by a picture of four horses facing in an opposite direction, and harnessed together as a four-horse team. A strikingly similar case is that of Read v. Richardson, 45 L. T. (N. S.) 54. There it was held that complainant is entitled to the protected use of a trade-mark consisting of a dog's head, as applied to "Dog's Head Beer." The adoption by a rival trader of the head of another breed of dog for his trade-mark for bottled beer was restrained on the ground that complainant's goods had become distinctively known by the mark or device, and therefore could not be used by a rival dealer. See, also, Price's Patent Candle Co. v. Jeyes, etc., Co., 19 R. P. C. 17.

For the foregoing reasons, despite the differences in colors and direction in which the figures face, I have reached the conclusion that defendant's trade-mark adapted and used by it is in similitude of that of complainant; that confusion is likely to arise, and the goods of defendant be purchased in the belief that they are those of complainant. The defendant was familiar with complainant's chocolates and cocoa, and had knowledge of the extensive advertising of its commodity. Hence there is little doubt that the draftsman of the defendant's trade-mark contemplated a resemblance to complainant's device, rather than an active effort to differentiate. In the circumstances I deem the infringement of complainant's trade-mark sufficiently established, and proof of actual deception or fraud is unnecessary. Gannert v. Rupert, supra; Collinsplatt v. Finlayson (C. C.) 88 Fed. 693; Von Mumm v. Frash (C. C.) 56 Fed. 830; Menendez v. Holt, 128 U. S. 514, 9 Sup. Ct. 143, 32 L. Ed. 526.

Complainant is entitled to the relief demanded in the bill, with costs.