# KAUT-REITH SHOE COMPANY *v.* INTERNATIONAL SHOE COMPANY.

### TRADEMARKS; SIMILARITY OF MARKS.

1. A mark applied to shoes, consisting of the words "Mother Goose" and
   the picture of that mythical character riding a broom through the
   skies, is so deceptively similar to an existing registered mark ap-
   plied to the same goods, consisting of the word "Goose" printed
   across the picture of a goose holding a key in its mouth, that the
   application for registration therefor is properly refused, especially

---

NOTE.—As to right to use word substantially similar to that used by
another, as trademark or tradename, as affected by difference in appearance
in other respects, see note in 12 L.R.A.(N.S.) 729.

where the applicant alleges but one day's use of its mark prior to the date of its application for registration and alone could profit by a confusion between the marks. (Citing *Re S. C. Herbst Importing Co.* 30 App. D. C. 297, and *Carmel Wine Co.* v. *California Winery,* 38 App. D. C. 1.)

2. In a case of an application for registration of a trademark, where there are indications that the applicant is attempting to obtain an unfair advantage over a competitor, doubts as to whether the mark is deceptively similar to an existing mark will be resolved in favor of the prior user.

No. 1046. Patent Appeals. Submitted November 14, 1916. Decided January 2, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents sustaining an opposition to the registration of a trademark.        *Affirmed.*

The facts are stated in the opinion.

*Mr. Wm. Small* for appellant.

*Mr. James A. Carr* and *Mr. Howard G. Cook* for appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is a trademark opposition case. Appellant, the Kaut-Reith Shoe Company, of Carthage, Missouri, sought to register a mark consisting of the words, "Mother Goose," and the picture of that mythical character riding a broom through the skies. Appellee, opposer, International Shoe Company, of St. Louis, Missouri, is the owner of a registered mark granted to its predecessor in business in 1909, consisting of the word "Goose" printed across the picture of a goose holding a key in its mouth.

Applicant alleges use of its mark but one day prior to the date of its application for registration. Therefore, no question of priority of use is involved, the sole question being whether applicant's mark is so similar to that of the opposer as to be likely to create confusion in trade.

The dominant feature of both marks is the word "Goose." The testimony taken on behalf of opposer—no testimony being taken on behalf of applicant—discloses that it has built up a large business in shoes bearing the "Goose" brand. If applicant's mark should be granted, we think the marks, as shown in the record, would lead to inevitable confusion, and there would be nothing to prevent it from printing the word "Mother" in small and obscure type and the word "Goose" in bold type, so that the word "Goose" would be the feature of the mark which would impress itself upon the mind of the purchaser.

This case is one which falls clearly within a long line of decisions in the Federal courts. *Re S. C. Herbst Importing Co.* 30 App. D. C. 297; *Hutchinson* v. *Covert,* 51 Fed. 832; *Eagle White Lead Co.* v. *Pflugh,* 180 Fed. 579; *New Home Sewing Mach. Co.* v. *Bloomingdale,* 59 Fed. 284; *Lever Bros.* v. *Pasfield,* 88 Fed. 484; *Chappell* v. *Sheard,* 2 Kay & J. 117, 69 Eng. Reprint, 717, 1 Jur. N. S. 996, 3 Week. Rep. 646; *W. A. Gaines & Co.* v. *Turner-Looker Co.* 123 C. C. A. 79, 204 Fed. 553. In *Gannert* v. *Rupert,* 62 C. C. A. 594, 127 Fed. 962, the mark "Home Comfort" was held to infringe "Comfort," though, as in the present case, the pictorial features of the marks were entirely different both as to subject-matter and to color. In the opinion the court said: "This is a trademark case, pure and simple. It is not a case of unfair competition. It is founded on a technical, common-law trademark." In *Carmel Wine Co.* v. *California Winery,* 38 App. D. C. 1, the mark of the applicant was an Oriental scene showing a vineyard and including a herd of camels and two men bearing a grape, and the opponent's mark was a picture of two men bearing a bunch of grapes. The court, sustaining the opposition, said: "We think it is apparent, without argument, that the two marks are deceptively similar within the meaning of the statute. It goes without saying that one has no right to incorporate the mark of another as an essential feature of his mark. Such a practice would lead to no end of confusion, and deprive the owner of a mark of the just protection which the law accords him."

In the present case, it appears that applicant has a branch

establishment in St. Louis, the same city in which opposer's business is located.   In argument it was stated, and not denied, that their respective places of business are but two blocks distant from each other.   Applicant claims but one day's use of the mark prior to filing its application for registration.   It alone could profit by confusion between the marks.   It can have but one object in attempting to secure registration of a mark so nearly resembling that of its immediate competitor; namely, to attract the trade from opposer's goods to its own by means of a trademark expressly condemned by the statute, which forbids the registration of "trademarks which are identical with a registered or known trademark owned and in use by another, and appropriated to merchandise of the same descriptive properties, or which so nearly resembles a registered or known trademark owned and in use by another, and appropriated to merchandise of the same descriptive properties, as to be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers."   Trade-Mark Act of 1905, 33 Stat. at L. 724, chap. 592, sec. 5, Comp. Stat. 1913, sec. 9490.

This court has repeatedly said that the whole vocabulary, as well as the inventive imagination of the mind, is at the command of one selecting a trademark for his goods, and no excuse is apparent for the adoption of a mark closely approximating that of an earlier user on the same class of goods.   Indeed, but one conclusion can be drawn from such conduct, and that is that the applicant is attempting through the color of law to obtain an unfair advantage over his competitor.   We deem it our duty, therefore, in all such cases to resolve the doubt in favor of the prior user.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                      *Affirmed.*

Mr. Justice SIDDONS, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this appeal in the place of Mr. Chief Justice SHEPARD.