# GRIGGS, COOPER & COMPANY *v.* FEDERAL COFFEE MILLS COMPANY.

---

### TRADEMARKS; SIMILARITY.

The words "Home Pride," as applied to coffee and teas, is so similar to "Home" and "Home Brand," registered as trademarks and applied to the same goods, as to be likely to cause confusion in trade, and are therefore not registerable as a trademark over an opposition by the registrant of the other marks. (Following *Peter Schoenhofen Brewing Co.* v. *Maltine Co.* 30 App. D. C. 340; *Lang* v. *Green River Distilling Co.* 33 App. D. C. 506; *Barthels Mfg. Co.* v. *United Lace & Braid Mfg. Co.* 43 App. D. C. 200; *Nafziger* v. *Schulze Baking Co. ante,* 292.)

No. 1095. Patent Appeals. Submitted March 13, 1917. Decided April 9, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents dismissing an opposition to the registration of a trademark.                                        *Reversed.*

The facts are stated in the opinion.

*Mr. Hervey S. Knight* for the appellant.

*Mr. George E. Tew* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The Federal Coffee Mills Company applied to register a trademark, consisting of the words "Home Pride," with the representation of a small boy sitting on a box playing with toys. This mark is alleged to have been continuously used in the business of the Federal Coffee Mills Company since October,

1913. Griggs, Cooper, & Company filed an opposition, and the Federal Coffee Mills Company filed a motion to dismiss it, on the ground, among others, that it does not appear that the opposer has any valid title to the registered mark of Henry A. Frey & Company. The motion was denied and the opposer answered.

It appears from the stipulation that Henry A. Frey & Company, a Philadelphia firm, adopted the trademark for coffee, and registered the same March 29, 1892, and commenced marking coffee with said label; that on about June 9, 1900, Henry A. Frey & Company, assigned to Griggs, Cooper, & Company the exclusive right to use the said mark as a trademark for coffee within and throughout certain restricted territory of the United States; to wit, the States of Minnesota, Wisconsin, North Dakota, South Dakota, and Montana. Afterwards the said firm of Griggs, Cooper, & Company became incorporated and the business was transferred to them. It further appears that opposer, or its predecessors, adopted and used as trademarks for other descriptions of goods the marks owned by the said firm of Griggs, Cooper, & Company; and further, on September 11, 1906, the opposer registered the word "Home" as a trademark for coffee and used the same.

The Commissioner of Patents dismissed the opposition based on the ground that Griggs, Cooper, & Company were not owners of the trademark but mere licensees in certain States.

It is not necessary to consider this question because it appears from the stipulation that in 1906 Griggs, Cooper, & Company applied for and registered the name "Home" as a trademark for coffee. It may be presumed that this registration was with the consent of Henry A. Frey & Company, and it is probable that this is now the trademark of Griggs, Cooper, & Company by concession or some other means on the part of Henry A. Frey & Company, who have never protested the registration. Assuming, then, that Griggs, Cooper, & Company had lawfully registered the mark "Home," or "Home Brand," as it was also registered, they are entitled to make this opposition. The word "Home" is the distinctive mark of this title and has

been used by Griggs, Cooper, & Company in the sale of their coffee and tea. We think there is no question but that the words "Home Pride," used upon coffee, would produce confusion.

The following cases sustain the proposition: *Peter Schoenhofen Brewing Co.* v. *Maltine Co.* 30 App. D. C. 340; *Barthels Mfg. Co.* v. *United Lace & Braid Mfg. Co.* 43 App. D. C. 200; *Lang* v. *Green River Distilling Co.* 33 App. D. C. 506; *Nafziger* v. *Schulze Baking Co.* present term, *ante,* p. 292; *Griggs* v. *Erie Preserving Co.* 131 Fed. 359; *Gannert* v. *Rupert,* 62 C. C. A. 594, 127 Fed. 962.

The decision is reversed, and the case will be certified to the Commissioner of Patents, as required by law.          *Reversed.*

A petition for a rehearing was denied May 17, 1917.