## AMERICAN FEED MILLING CO. v. M. C. PETERS MILL CO.

(Court of Appeals of District of Columbia. Submitted November 10, 1919. Decided December 1, 1919.)

### No. 1239.

TRADE-MARKS AND TRADE-NAMES ☜43—PRIOR USE OF DEVICE DEFEATING RIGHT TO REGISTRATION.

Where an application to register the words "Big Chief," associated with representation of an Indian with a gun on horseback, was opposed by a concern previously using the word "Arab," with a representation of an Arab with a spear on horseback, the horses being similar and the men similar in size, position, and manner of holding a weapon, although their dress was different, and the marks were used on burlap sacks, where the differences would be difficult to detect, *held*, the decision of the Commissioner of Patents denying registration was correct.

Appeal from a Decision by the Commissioner of Patents.

Application by the American Feed Milling Company to register a trade-mark, opposed by the M. C. Peters Mill Company. From a decision of the Commissioner of Patents, denying registration, the applicant appeals. Affirmed.

Raymond J. Mawhinney and Robert J. Mawhinney, both of Washington, D. C., for appellant.

T. Walter Fowler, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This is an appeal from the decision of the Commissioner of Patents in a trade-mark opposition.

The mark of applicant, American Feed Milling Company, a North Carolina corporation, consists of the words "Big Chief," associated with the representation of a man on horseback concentrically inclosed within a single circle. The mark of the opposer, M. C. Peters Mill Company, a Nebraska corporation, consists of the word "Arab," associated with the representation of a man on horseback concentrically inclosed within two circles. The man in the mark of applicant is intended to represent an Indian chief armed with a gun, while the man in opposer's mark represents an Arab armed with a spear.

The sole question presented is the likelihood of confusion in trade. Applicant alleges use of its mark since 1914, while opposer shows use of its mark prior to that date. The dominating feature of each mark is the horse with an armed man mounted upon it. The horse in each mark is similar in size, style and appearance. While the dress of the men is different, they are similar in size, position, and the respective

manner of holding the spear and gun. These striking similarities bring this case within the rule announced in Bickmore Gall Cure Co. v. Karns Mfg. Co. (C. C.) 126 Fed. 573, where the conflicting marks consisted of representations of horses attached to the same class of goods. In that case the court said:

"Both pictures are used on boxes containing the salve. The complainant's trade-mark cannot confer a monopoly to every representation of a horse upon a medicine of that character. Such a mark would be generic in character. Its right is restricted to the particular horse designated in the registration, or one of substantially similar appearance, style, or position."

Opposer's mark discloses an Arabian horse of unusual appearance, style, and position, while the horse of applicant is similar in all its details and dimensions.

The respective marks are used on burlap sacks containing horse feed, displaying at best a dull impression of the mark, and forbidding to a large extent the detection of distinguishing features. The similarity of the dimensions and general appearance of the marks emphasizes the improbability of accidental selection by applicant. As was said by Judge Lurton in Paris Co. v. Hill Co., 102 Fed. 148, 151, 42 C. C. A. 227, 230:

"When there are found strong resemblances, the natural inquiry for the court is, why do they exist? If no sufficient answer appears, the inference is that they exist for the purpose of misleading. Taylor v. Taylor, 2 Eq. Rep. 290. We are to remember that the average purchaser has seldom the opportunity of making a close comparison; that he is apt to act quickly, and is therefore not expected to exercise a high degree of caution. Pillsbury v. Flour-Mills Co., 64 Fed. 841, 12 C. C. A. 432."

The decision of the Commissioner of Patents, sustaining the opposition, is affirmed, and the clerk is directed to certify these proceedings as by law required.

Affirmed.