## THE VESTRIS.

(District Court, E. D. New York. May 9, 1918.)

1. SEAMEN ⊂⊃7—ENTERING UPON DUTIES WITHOUT SIGNING ARTICLES—BENE-FITS.

A person who enters upon the performance of duties as a seaman, and who through no fault of his own, has not as yet signed articles, would not be thereby deprived of the benefits accruing to him as seaman.

2. SEAMEN ⊂⊃29(5)—INJURIES BEFORE SIGNING OF ARTICLES—DAMAGES.

Where libelant was injured after being member of vessel's crew for six days and before articles had been signed and vessel had left port, he could not claim his wages for the voyage, nor for loss of time in getting back to his home port.

3. SEAMEN ⊂⊃11—INJURIES BEFORE SIGNING OF ARTICLES—MAINTENANCE AND CURE.

Where libelant was injured after being member of vessel's crew for several days but before articles had been signed and ship had left port, he was entitled to recover what he had spent for maintenance and cure and wages for two weeks; such period being sufficient to enable him to seek new place.

4. SEAMEN ⊂⊃3—PERSONAL INJURIES—ACTIONS—JURISDICTION OF COURT.

In seaman's action for personal injuries, whether court had jurisdiction to consider the charge of negligence was governed by laws of place where accident took place.

5. SEAMEN ⊂⊃3—JURISDICTION—AMERICAN SEAMAN ON BRITISH VESSEL.

The rights of an American seaman in the harbor of New York upon a British vessel can properly be adjudicated in a court of the United States according to the admiralty law, when this admiralty law is in exact accord with what his contract rights would be under the British statute.

In Admiralty. Libel by Harry C. Ferguson against the steamship Vestris, her tackle, etc. Decree for libelant.

Silas B. Axtell, of New York City, for libelant.

Burlingham, Montgomery & Beecher, of New York City, for claimant.

CHATFIELD, District Judge. The libelant sued for injuries received at New York October 13, 1915, on the steamer Vestris, on which he had entered for service October 7, 1915. His claim was apparently based upon the liability of the vessel for the negligence of a fellow servant, although the libel, upon further examination, shows the amount of damage claimed by the libelant to be limited to expenses of maintenance and cure. An opinion was filed on the 1st day of August, 1917, in which it was held that no unseaworthiness was shown, and no negligence, except that of a fellow servant, for which the boat was not responsible in damages. The libel was therefore ordered dismissed. Before entry of decree, reargument was asked, upon the ground that maintenance and cure alone had been prayed for.

[1, 2] The claimant on reargument contests the right of the libelant to be classified as a seaman. The claimant's answer expressly admitted that the libelant was a member of the crew, and, as decided in the previous opinion, a person who enters upon the performance of duties as a seaman and who, through no fault of his own, has not as yet

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

signed articles, would not be thereby deprived of the benefits accruing to him as a seaman. But, on the other hand, until the articles were signed and the vessel had left the port, the libelant might have quit the vessel without loss of time or expense in returning home. For this reason he certainly cannot claim his wages for the voyage, nor for loss of time in getting back to his home port.

[3] He alleges that he spent for maintenance and cure the sum of $195, and this has not been controverted. His wages for two weeks would be sufficient to enable him to seek a new place and may be included in the decree. The Bouker No. 2, 241 Fed. 831, 154 C. C. A. 533. The libelant was a seaman, and was entitled to the benefits of the English Workmen's Compensation Act in so far as it applied. The accident occurred on the 7th day of October, 1915, which was before the passage of the law of October 6, 1917 (40 Stat. 395, c. 97), making the Compensation Law of the state of New York applicable to persons injured under admiralty jurisdiction in New York Harbor, if otherwise within the New York state law. The English Compensation Act was interposed as a defense and by way of suggestion that the libelant was not entirely deprived of remedy if the libel was dismissed. Reargument has now been had, and the libelant cites the case of The Teviotdale (D. C.) 166 Fed. 481, as authority for asking to be allowed cure and maintenance. The claimant has contested the libelant's right to obtain the relief, but has interposed no technical objection to the hearing of the question.

[4] There seems to be no question that the court had jurisdiction to consider the charge of negligence; that is, of unseaworthiness. The laws of the place where the accident occurred control this. Sherlock et al. v. Alling, 93 U. S. 99, 23 L. Ed. 819; The Teviotdale, supra; The Ester (D. C.) 190 Fed. 216; The Cuzco (D. C.) 225 Fed. 169. The English Workmen's Compensation Law would seem, also, to be cognizable, and, if the libelant were in England, he might be entitled to compensation, even for an accident happening within the port of another country and not on the high seas. Whether since the Compensation Laws of New York have been expressly made applicable to occurrences within the admiralty jurisdiction, and since by the act of Congress federal jurisdiction thereover has been relinquished, the jurisdiction of one or the other Compensation Law—that is, the domestic and the foreign—is exclusive, so that no admiralty cause of action for negligence could be urged, need not be considered.

[5] The English Compensation Law, however, seems to expressly except the amounts which the owner of a vessel must advance for cure and maintenance to any seaman injured while on the vessel. These sums he was entitled to under admiralty law in general and also under the Statute of 6 Ed. VII, c. 48, § 34, par. 1. If the statute just cited be taken as the rule governing the contract rights of the seamen upon the vessel, it does not materially differ from the rule which would be applied to sailors upon an American vessel under the same conditions in this harbor. It would be useless to suggest that the libelant now pursue his case before the British consul or in the courts of Great Britain, even though those courts might have jurisdiction if he were

in England. The rights of an American seaman in the harbor of New York upon a British vessel can properly be adjudicated in a court of the United States according to the admiralty law, when this admiralty law is in exact accord with what his contract rights would be under the British statute. There is certainly no reason for relinquishing jurisdiction of the case.

The libelant may have a decree as indicated.

