### SULLIVAN v. NITRATE PRODUCERS' S. S. CO., Limited.

(District Court, E. D. New York. November 19, 1918.)

1. JUDGMENT ⬡812(3)—CONCLUSIVENESS—RES JUDICATA.

Where libelant had previously libeled a vessel in rem for personal injuries, and the vessel had been claimed by respondent through its agent, *held*, that the judgment rendered in the first proceeding might be pleaded by respondent as res judicata.

2. JUDGMENT ⬡713(2)—CONCLUSIVENESS—RES JUDICATA.

Where the parties to a libel against a vessel in which respondent appeared by its agent and claimed the vessel were the same as those to the second, any issue which could have been determined in that proceeding is res judicata in the later proceeding.

3. JUDGMENT ⬡588—CONCLUSIVENESS—RES JUDICATA.

Where libelant had previously libeled a vessel, and respondent, by its agent, appeared and claimed the vessel, *held* that, as both proceedings were intended to enable libelant to recover for personal injuries, the fact that libelant alleged additional acts of negligence in the second does not of itself prevent the first judgment from being a bar to the second libel.

4. JUDGMENT ⬡812(2)—CONCLUSIVENESS—RES JUDICATA.

Where a libel in rem, in which libelant sought to recover for personal injuries, set up as part of the damages the expenses of care while a cure was being effected, *held*, that a judgment dismissing the libel against the vessel was a bar to a later libel in personam against respondent, which appeared and claimed the vessel in the first proceeding.

In Admiralty. Libel by John Sullivan against the Nitrate Producers' Steamship Company, Limited. Libel dismissed.

Silas B. Axtell, of New York City, for libelant.

Kirlin, Woolsey & Hickox, of New York City (L. De Grove Potter, of New York City, of counsel), for respondent.

GARVIN, District Judge. When this action came on for trial, both parties requested the court, before going into the merits, to determine whether the libelant was barred from a recovery herein on the ground of res adjudicata by reason of a decision of the United States Court for the Southern District of New York, upon which a judgment was entered on or about July 9, 1917, dismissing a libel filed by the libelant

---

herein against the steamship Anglo-Patagonian, owned by the respondent.

The libelant, a horse handler, one of the caretakers in charge of a cargo of horses being carried by the Anglo-Patagonian, en route from Philadelphia to France, met with an accident as a result of which he lost two fingers of his left hand. For this he brought suit in the Southern district bringing an action in rem, against the Anglo-Patagonian. Barber & Company, Incorporated, filed an answer as agents and claimant of the boat. The libel in that case set forth the particulars of the accident and then alleged:

"Seventh. That by reason of the foregoing, your libelant has been damaged in the sum of five thousand dollars ($5,000.00)."

The libel concludes with the following prayer for relief:

"Wherefore your libelant prays that process in due form of law according to the course of this honorable court in causes of admiralty and maritime jurisdiction may issue against the steamship Anglo-Patagonian, her tackle, apparel, etc., and that all persons claiming any right, title, or interest therein may be cited to appear and answer all and singular the matters aforesaid, and that this honorable court may be pleased to decree the payment of your libelant's claim in the sum of five thousand ($5,000.00) dollars, and that said vessel may be condemned and sold to pay the same, and in the event that he should fail to prove said vessel was unseaworthy for the reasons aforesaid, that he be awarded the expense of his maintenance and cure and wages to the end of the voyage for which he signed, and such other and further relief as to the court may seem just and proper."

The present libel is based upon the same accident, and sets forth two alleged causes of action arising therefrom: First, libelant's right to recover the reasonable expense of his maintenance and cure $1,000; and, second, because of the failure of the respondent and master and officers of the ship to provide libelant with prompt and proper medical care and attention, damages in the sum of $3,000 are demanded.

[1] While the action in the Southern district was in rem and the suit at bar is in personam, nevertheless in the former the respondent here appeared through its agents and claimed the vessel. The respondent may therefore plead res adjudicata. Bailey v. Sundberg (D. C.) 43 Fed. 81.

[2] Therefore any issue that was or could have been determined in the first action is res adjudicata in the case now before the court. Beloit v. Morgan, 74 U. S. (7 Wall.) 619, 19 L. Ed. 205; Fish Bros. Wagon Co. v. Fish Bros. Mfg. Co., 95 Fed. 457, 37 C. C. A. 146.

[3] In the second action libelant has alleged additional acts of negligence. That of itself does not prevent the first judgment from being a bar to the second action. Columb v. Webster Mfg. Co., 84 Fed. 592, 28 C. C. A. 225, 43 L. R. A. 195, and cases therein cited.

[4] The decision by Judge Learned Hand in the first action, which has not been reversed, disposed of the question of negligence on the merits.

In the suit at bar the libelant seeks to recover in his first cause of action the expenses of his maintenance and care. These he sought to recover in the action in the Southern district. If he had proved his

claim, he might have recovered them. The Vestris (D. C.) 252 Fed. 201.

The court holds therefore that libelant's claims are res adjudicata. The libel is dismissed.