## PLAMALS v. SANTA CLARA S. S. CO.

(District Court, E. D. New York. June 25, 1926.)

### No. 8367.

Judgment ⚖⇒812(3)—Decree dismissing suit in rem on ground that British law applied, whereby remedy was under its Workmen's Compensation Act, held res judicata in suit in personam for same injury.

Decree dismissing suit in rem for injury on British ship, on ground that British law applied, and that thereunder remedy was by proceeding under British Workmen's Compensation Act, is res judicata in suit in personam for same injury, in another district.

In Admiralty. Suit by H. Plamals against the Santa Clara Steamship Company. Libel dismissed.

Silas B. Axtell, of New York City, for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for respondent.

CAMPBELL, District Judge. This is an action in personam to recover indemnity for injuries alleged to have been suffered by the libelant on the steamship Pinar Del Rio, on or about the 31st day of March, 1923, while said vessel was lying at anchor in the Delaware river.

An action in rem to recover for the same alleged injuries was brought in the United States District Court for the Southern District of New York.

The steamship Pinar Del Rio was a British vessel.

That action was brought to trial before Judge Goddard, in that court, who rendered his opinion on August 27, 1925, in which in conclusion he held as follows:

"Under the British law, libelant has not any cause of action in rem, nor has he, under the facts, a cause of action for indemnity, and his only remedy is a proceeding under the British Workmen's Compensation Act for compensation. This, I think, is conceded by libelant's proctor. Therefore, I must dismiss the libel, which I do without costs."

On September 5, 1925, a final decree was granted in that action, dismissing the libel therein without costs.

Regardless of the fact that there are some slight differences in the allegations of fault in the libel in the instant suit from those in the suit in the Southern District, it still remains true, and is alleged in the answer in the instant suit, that the Pinar Del Rio was a British vessel, and therefore, if no recovery could be had as a matter of law, in the suit in the Southern District, because the steamship Pinar Del Rio was a British ship, then no recovery could be had as a matter of law for the same reason in the instant suit, and the final decree in the suit in the Southern District, dismissing the libel, granted September 5, 1925, is res adjudicata in the present action. Bailey v. Sundberg (D. C.) 43 F. 81, Sullivan v. Nitrate Producers' S. S. Co. (D. C.) 254 F. 361, affirmed (C. C. A.) 262 F. 371.

The libelant has taken an appeal from the final decree in the action in rem, in the Southern District, and, if he feels that error has been committed, he is not without remedy, but should seek it on appeal, and not by bringing an action in personam in this district, simply because the decision of the District Court in libelant's case in the Southern District, that the British law applies, is not in harmony with the decisions of this court on the same subject.

A decree may be entered dismissing the libel in the instant suit, without costs.