### NEW YORK HERALD CO. v. STAR CO.*

(Circuit Court, S. D. New York.   March 26, 1906.)

TRADE-MARKS AND TRADE-NAMES—TITLE OF PUBLICATION.
    Complainant *held* entitled to protection in the trade-mark "Buster Brown" as the title of a comic section of a newspaper it being shown that it was the first to use the title, and that it was so used exclusively by complainant and its licensees for such length of time as to give it a proprietary right therein.

In Equity.   On motion for preliminary injunction.

W. A. Megrath, for complainant.,
Herbert Knight, for defendant.

LACOMBE, Circuit Judge.   This is a suit solely to restrain infringement of a trade-mark; no question as to copyright or as to unfair competition is presented. The trade-mark which complainant claims to own is the words "Buster Brown" as a title or heading for a comic section of a newspaper. No claim is made as to any particular style of illustration, only to these words used in this connection.

It is not disputed, it could not be seriously disputed under the authorities, that the title of a publication may become a trade-mark. Who was the first person to invent the name or to suggest its use in some other connection is not material, the question is "who first used it as the title of a comic section of a newspaper?" That the complainant was the first so to use it is most clearly and positively shown by the affidavits. The suggestion that neither complainant nor defendant uses it as the title of a comic section; that the real titles of the pages referred to are respectively "New York Herald Comic Section" and "Comic Section of the New York American and Journal"

*Affirmed by Circuit Court of Appeals. 146 Fed. 1023.

is unpersuasive. A comic section may consist of a single page as well as of four pages; it may be a subsection of a larger section also comic, but it is none the less a "section." Both papers, the Herald for several years, and the defendant recently, have published each a page in their Sunday editions containing comic pictures and entitled "Buster Brown." Whether or not the original draughtsman of the so-called "Buster Brown" pictures was in the employ of the Herald is immaterial; concededly it bought them from him, paid for them, published them (whether with or without retouching, coloring, etc., is immaterial) and headed the page on which they were published with the words "Buster Brown." Nor is there anything in the suggestion that plaintiff has abandoned the trade-mark because for a few Sundays it printed the pictures, and their title on the fourth page instead of the first page of the colored comic section.

It appears that certain other newspapers have used the words as a title for comic sections in their Sunday editions, but in every instance this was with the consent of complainant and upon paying it for the privilege. What proceedings have been taken or are now pending touching registration of the trade-mark are not important; complainant has shown title to the trade-mark, irrespective of the statute. Injunction pendente lite may issue restraining the use of the trade-mark, either in the newspaper or in advertising matter, which may indicate or imply that defendant is about to publish a "Buster Brown" comic section. This relief extends only to the words "Buster Brown"; Mr. Outcalt, or any one else whom the defendant may choose to employ, is entirely free to design, draw, color, and publish comic pictures of the same kind as those to which plaintiff has prefixed that title, provided only that they do not so closely imitate pictures already published and copyrighted as to be an infringement thereof.