OUTCALT et al. v. NEW YORK HERALD.

(Circuit Court, S. D. New York. March 26, 1906.)

TRADE-MARKS AND TRADE-NAMES—UNFAIR COMPETITION—IMITATION OF PICTURES.

An artist has no such common-law right in pictures drawn by him and sold to another, who published and copyrighted the same, as to render it unfair competition in trade for the latter to afterward publish other pictures depicting different scenes merely because they contain characters in imitation of those in the earlier ones.

[Ed. Note.—Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

In Equity. On motion for preliminary injunction. Complainant seeks pendente lite to enjoin defendant from further manufacturing and selling comic sections of newspapers, containing pictures in imitation of those produced by complainant and employing in connection therewith a title ("Buster Brown") associated with said pictures.

Herbert Knight, for the motion.
W. A. Megrath, opposed.

LACOMBE, Circuit Judge. So far as the use of the title "Buster Brown" is concerned the controversy is disposed of by the opinion filed to-day in the countersuit of N. Y. Herald v. Star Company, 146 Fed. 204. The pictures which complainant for several years drew and sold to the Herald were by it colored, copyrighted and published. There is no contention that any subsequent picture is such an imitation of an earlier one as to constitute piracy; if it were the defendant in this suit as owner of the copyright would be the person entitled to complain. The contention of complainant is that it is unfair competition in trade for any one else to draw and offer for sale any other pictures in which, although the scenes and incidents are different, some of the characters are imitations of those which appeared in the earlier pictures which complainant sold to defendant. In other words that deponent, although he never copyrighted them and did not acquire any right to the title in connection with newspaper publication, has, nevertheless, some common-law title to individual figures therein displayed, which he can maintain to the exclusion of others, who depict them in other scenes and situations. It is sufficient to say that no authority is cited supporting this proposition, which seems entirely novel and does not commend itself as sound.

The motion is denied.