### ART METAL CONST. CO., Inc., v. TEXTILE PUB. CO., Inc.

(Court of Appeals of District of Columbia. Submitted November 19, 1923. Decided January 7, 1924.)

#### No. 1613.

1. **Trade-marks and trade-names and unfair competition** &#9756;44—**Decision of Examiner of Interferences, not appealed from, held res judicata.**

Examiner of Interferences sustained the opposition of owner of the registered trade-mark "Dry Goods Economist," as applied to a weekly periodical, to an application for registration of the words "The Office Economist," as a trade-mark for a "magazine or journal issued monthly," on the ground that the goods of the parties possessed the same descriptive properties and that the marks were deceptively similar, but gave leave to amend the description of the goods, and suggested that, if the words "house organ" be substituted for the phrase "magazine or journal issued monthly," the mark would be entitled to registration. Applicant made the suggested substitution by an amendment and did not appeal. *Held*, on applicant's appeal, that the decision of Examiner as to descriptive properties of the goods was res judicata, notwithstanding that the amendment did not have the suggested effect.

2. **Trade-marks and trade-names and unfair competition** &#9756;43—**"Office Economist" likely to be confused with "Dry Goods Economist."**

Registration of the words "The Office Economist" as a trade-mark for a "magazine or journal issued monthly" *held* likely to be confused with a registered mark "Dry Goods Economist," which was applied to a weekly periodical, even though words "house organ" be substituted for the words "magazine or journal issued monthly."

---

&#9756;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the Commissioner of Patents.

Application by the Art Metal Construction Company, Inc., for the registration of a trade-mark, opposed by the Textile Publishing Company, Inc. From a decision sustaining the opposition, applicant appeals. Affirmed.

Charles W. Parker, of Buffalo, N. Y., for appellant.
Joseph L. Levy, of New York City, for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Presiding Judge of the United States Court of Customs Appeals.

SMYTH, Chief Justice. The Art Metal Construction Company, Inc., applied to the Commissioner of Patents for the registration of the words "The Office Economist" as a trade-mark for a "magazine or journal issued monthly." Opposition to the registration was offered by the Textile Publishing Company, Inc., who owned the registered mark "Dry Goods Economist," which it applied to a weekly periodical, on the assumption that the goods of the parties possessed the same descriptive properties, and that the marks were deceptively similar. Testimony was taken.

The Examiner of Trade-Mark Interferences held that the opposition should be sustained on the ground stated by the opposer, but gave leave to the applicant to amend its description of the goods and suggested that the words "house organ" be substituted for the phrase a "magazine or journal issued monthly." He further said that, if such an amendment was made, the mark would then be entitled to registration. From this decision the Art Metal Construction Company did not appeal, but amended substantially as suggested. Then the Examiner dismissed the opposition.

[1, 2] Opposer appealed to the Commissioner, who reversed the Examiner so far as his decision granting leave to amend was concerned, stating that an opportunity should have been given to the opposer to offer testimony relative to the right of the applicant to make the amendment. He also ruled that the presentation by the applicant of the proposed amendment should be considered as a waiver of the right to register the trade-mark for "a magazine or journal issued monthly," and a waiver of the right to appeal from the decision of the Examiner of Interferences "sustaining the opposition, as to these goods." A hearing before the Examiner followed. He found that the applicant had a right to make the amendment, was entitled to have the mark registered, and dismissed the opposition. On appeal this decision was reversed by the First Assistant Commissioner, who ruled that the first judgment of the Examiner, in which he held tacitly that the goods were of the same class, and that the marks were so similar that, if used, they would be likely to confuse, was res judicata, and that, since it had not been appealed from, it was binding on the applicant. The amendment, he held, did not change the situation, for the reason that applicant's periodical would have the same appearance and would contain the same matter, whether sold on the news stands, distributed as a house organ, or published monthly or weekly; that it

so closely resembled the opposer's publication that the reader would be liable to confuse the two; and that it was plain that, if the mark was registered, injury would be done the opposer.

In these views we concur, and hence affirm the decision of the Commissioner.

Affirmed.