### NEW METROPOLITAN FICTION, Inc., v. DELL PUB. CO.

Court of Appeals of District of Columbia.
Submitted March 17, 1927. Decided May 2, 1927.

No. 1944.

1. **Trade-marks and trade-names and unfair competition ⊜12—Title of publication may become trade-mark.**

   Under established authorities, the title of a publication may become a trade-mark.

2. **Trade-marks and trade-names and unfair competition ⊜43—Registration of magazine titles, "Marriage Stories" and "Marriage," held to preclude another's registration of title "Modern Marriage."**

   The registration of titles, "Marriage Stories" and "Marriage," for use on monthly magazines, *held* to preclude another's registration of title "Modern Marriage" for use on similar magazine, in view of class of readers looked to for patronage.

Appeal from Commissioner of Patents.

Application by the New Metropolitan Fiction, Inc., for registration of trade-mark, opposed by the Dell Publishing Company. From a decision of the Commissioner of Patents, sustaining the opposition, applicant appeals. Affirmed.

M. T. Fisher, of Washington, D. C., for appellant.

C. R. Allen, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. An appeal from a decision sustaining an opposition to the registration of a trade-mark.

The New Metropolitan Fiction, Inc., applied for the registration of the notation "Modern Marriage" as the title for a monthly magazine. Whereupon the Dell Publishing Company filed an opposition to the registration, based upon its prior marks "Marriage," registered November 11, 1924, and "Marriage Stories," registered July 22, 1924, both of which are used by it upon magazines. The applicant has taken no testimony, and accordingly relies for its effective date of adoption and use upon the date of its application, to wit, October 27, 1924. The opposer has established by testimony a priority of adoption and use of its registered marks from a time prior to the filing of the present application. The opposition was sustained by concurring decisions in the Patent Office.

[1, 2] "It is not disputed, it could not be seriously disputed under the authorities, that the title of a publication may become a trade-mark." New York Herald Co. v. Star Co. (C. C.) 146 F. 204; 38 Cyc. 740; Gannert v. Rupert (C. C. A.) 127 F. 962. The only question, therefore, is whether the name "Modern Marriage" is sufficiently similar to "Marriage," or "Marriage Stories," when used as the names of magazines, as to likely cause confusion in the mind of the public and deceive purchasers. In answering this question it should be remembered that the magazines in question are all monthly magazines, dealing with the same kind of literature, and seeking their customers among the same class of readers. It may also be noted that this class is not composed of discriminating buyers; the record, indeed, contains testimony to the effect that "the type of people who read 'Marriage' and 'Marriage Stories' are usually of the same intelligence of a normal school child of 11 years of age."

We think that the names in question are confusingly similar, when used in such competition. The word "Marriage" is the striking and dominating term in the title "Modern Marriage"; it is the only word in the title "Marriage"; and it is the prominent term in "Marriage Stories." It is certainly likely that the readers of these magazines would not ordinarily keep the different titles in mind, so as to distinguish between the respective publications when making purchases. In Gannert v. Rupert, supra, it is said that a person publishing a magazine under the name "Comfort" has a trade-mark in such title, which is infringed by the use of the name "Home Comfort" for another magazine. In Vogue Co. v. Brentano's (D. C.) 261 F. 420, the trade-mark "Vogue," as the name of a magazine, was held to be infringed by the use of "La Vogue Parisienne," as the name of another publication. In Art Metal Const. Co. v. Textile Pub. Co.,

294 F. 1006, 54 App. D. C. 75, it was held by this court that the name "The Office Economist," followed by the words "House Organ," if used as the name of a publication, would so closely resemble the trade-mark name "Dry Goods Economist," for another publication in the same trade, that readers would be liable to confuse the two, and accordingly that registration should be denied the former.

Consistently with these views, we affirm the decision of the Commissioner of Patents.