STANDARD MAGAZINES, INC., and Others, Comprising the " Thrilling Group," Plaintiffs, *v.* POPULAR PUBLICATIONS, INC., and Another, Defendants.

Supreme Court, New York County, March 11, 1935.

*Robert A. Pines,* for the plaintiffs.

*Levisohn, Niner & Levisohn,* for the defendants.

COLLINS, J. Were the question presented by this motion for an injunction *pendente lite* an entirely original one, I would be inclined to hold that the term " Thrilling " has acquired a secondary meaning and is associated by the public with the plaintiffs' group of magazines. The proofs are persuasive that the defendant, by adopting the same legend in connection with its publications, is competing unfairly with plaintiffs. Forthrightness compels that competitors

do nothing to provoke confusion in the public mind as to " whose product is whose." That there is confusion between the plaintiffs' magazines and those of the defendant is patent. There are so many available names that it should be unnecessary for one publisher to adopt a name already appropriated by another and believed by the public to have been appropriated by that other. The dictionary contains enough names for all. But the action of the Appellate Division in reversing the granting of a *pendente lite* injunction in the plaintiffs' case against Adventure House, Inc., casts doubt on the propriety of determining, in advance of trial, the plaintiffs' exclusive right to the employment of " Thrilling " in association with " pulp " magazines. Since the interests of the defendants are great, and irreparable harm might be done by a preliminary adjudication, it seems to me more in consonance with justice to postpone the adjudication of the respective rights to the trial, when the court will not be compelled to rely on affidavits.

Accordingly, the motion for an injunction *pendente lite* is denied, but the cause is ordered placed on the Special Term ready numbered day calendar for trial for April 1, 1935.

The defendants' cross-motion is denied. Settle order.