## WARNER PUBLICATIONS, Inc., v. POPULAR PUBLICATIONS, Inc.

District Court, S. D. New York.
April 24, 1936.

Schultz Brothers, of New York City (Henry Edward Schultz, of New York City, of counsel), for plaintiff.

Swiger, King & Chambers, of New York City, for defendant.

HULBERT, District Judge.

Plaintiff applies for a temporary injunction restraining the defendant, during the pendency of this action, from publishing and distributing a magazine entitled "Rangeland Romance" in imitation of plaintiff's magazine bearing the registered trade-mark title "Ranch Romances."

Plaintiff's magazine "Ranch Romances" has been published since November 15, 1924. Application for registration of the trade-mark was filed on December 31, 1925, and certificate No. 214280 of registration of trade-mark was issued on June 15, 1926.

It is also contended by the plaintiff that by virtue of the long and continued use of the words "Ranch Romances" as a title, they have acquired a secondary meaning in association with the publishers.

Defendant was organized under the laws of the state of New York, and is engaged in publishing some twenty pulp magazines, one of which bears the title "Rangeland Romances." Publication thereof commenced with the June, 1935, issue, claimed by the defendant to have been made up and put on the news stands in April, 1935.

This action was commenced August 1, 1935, but this motion was not made until March 11, 1936. The reason assigned therefor is that at about the time the suit was commenced, the plaintiff learned of the publication of a magazine under the title "Romance Range" and brought an action in the Supreme Court of New York County against Street & Smith, the publishers thereof. Street & Smith were clients of the attorneys for the plaintiff in this action, and as a matter of legal ethics, they declined to appear in said suit for either party. A motion was made in that action for injunction pendente lite and denied. But, under the practice which obtains in the state court, in denying that motion the court granted a preference and set the

case down for immediate trial; thereupon a compromise was effected whereby the defendant agreed, plaintiff consenting, to use the words "Romantic Range," and the plaintiff thereupon brought on this motion.

In the action in the state court, the secretary of this plaintiff (and the editor of this magazine) made an affidavit stating that: "The plaintiff does not seek the exclusive use of these two letters, 'RR' in the magazine field." But in her affidavit attached to the moving papers in this action, she states: "Use of the symbol 'RR' to designate the magazine has been continuously made both by the publishers and the readers. The publishers have uniformly, for many years, solicited memberships in a club known as 'The Trails End Club' which has issued to its members pins and bracelets bearing the insignia 'RR'. Many readers in writing to the magazine refer to the publication 'Ranch Romances' as 'RR' or 'Double R.'"

The defendant attacks the validity of the certificate of registration and contends, moreover, that the failure to make this motion for seven months after the commencement of this action has lulled the defendant into the expenditure of a great deal of money. The April issue of the defendant's magazine is now on the news stands. The May and June issues are now in process of manufacture, and the July issue will also be "in work" within the next few days.

If it were not for the factors above mentioned, I should have unhesitatingly sustained the validity of the plaintiff's trade-mark. Vogue Co. v. Brentano's (D. C.) 261 F. 420; New Metropolitan Fiction, Inc. v. Dell Publishing Co., 57 App. D.C. 244, 19 F.(2d) 718. And, too, because the use of the words "Ranch Romances" has acquired a secondary meaning.

In another case against this defendant in the New York Supreme Court, Mr. Justice Collins said: "There are so many available names that it should be unnecessary for one publisher to adopt a name already appropriated by another and believed by the public to have been appropriated by that other. The dictionary contains enough names for all." Standard Magazines, Inc. et al. v. Popular Publications, Inc. et al., 154 Misc. 903, 279 N.Y.S. 298.

Defendant states that the plaintiff's magazine is characteristic of *modern* West life, while defendant's publication emphasizes the *pioneer* days of the West.

It would seem to the court that it should be possible for counsel to agree upon a modified title, but if not, in view of the fact that the plaintiff has consented to the use of the name of "Romantic Range," this motion will be denied upon condition that the defendant adopt some substitute or use the words "Romantic Stories of the Rangeland," with the elimination of the peculiar features in the appearance of the letter "R" embodied in the title of defendant's magazine to avoid any simulation to the capital letter "R" as used in the title of "Ranch Romances" by the plaintiff.

If these conditions are accepted by defendant in view of the existing circumstances, the changes to be made need not become effective until the July issue of the defendant's magazine; otherwise motion will be granted.

Settle order on one week's notice if counsel cannot agree as to form.