HMH PUBLISHING CO., Inc., a corporation, Plaintiff,

v.

Walter HALE, an individual and Playgirl Publishing Co., Inc., a corporation, Defendants.

No. 35771.

United States District Court
N. D. California, S. D.

Nov. 21, 1957.

Philip S. Ehrlich, Irving Rovens, Naylor & Neal, Jas. M. Naylor, Frank A. Neal, San Francisco, Cal., for plaintiff.

Nathan Cohn, San Francisco, Cal., for defendant Walter Hale.

HARRIS, District Judge.

Plaintiff, HMH Publishing Co., Inc., is the owner and publisher of a magazine which appears under the federally registered trade-mark "Play Boy." Plaintiff brings this action against defendant Walter Hale who publishes a magazine under the title, "Play Girl." Plaintiff charges defendant with trade-mark infringement and unfair competition. It seeks to restrain defendant from continued use of the title, "Play Girl" for its magazine. In addition, it asks for damages or an accounting for profits arising out of the acts of infringement and unfair competition.

The evidence shows that plaintiff commenced publication of its magazine "Play

Boy" in October, 1953. Promoted as a men's monthly magazine, "Play Boy" grew from an original sale of approximately 80,000 copies per month to its present circulation of more than three-quarters of a million copies.

Following two years of publication without advertising, "Play Boy" built up circulation to the point where it could accept advertising on a profitable basis. The contents of the magazine, which is designed primarily for the male market, include fiction by well-known authors. In addition, "Play Boy" has sections devoted to so-called art photography and editorial material. Like "Esquire," which preceded it by many years, "Play Boy" has large two-page pictures of women in varied states of dishabille and has cartoons sprinkled throughout its pages.

"Play Girl" came into being as a magazine publication in 1955. Defendant's publication, commencing with a circulation of approximately 30,000, has remained practically static during the two years of its circulation. Published as a quarterly and selling for $1.00 as opposed to "Play Boy's" monthly sale at 50¢ per copy, "Play Girl" has no literary material to be found on its pages. It emphasizes pictures of burlesque actresses and models in various nude or near nude poses. The printed material to be found on the pages of "Play Girl" is almost all prepared by defendant under various pseudonyms. The magazine makes no pretense of being a literary publication.

It may be conceded that there is no similarity in the makeup and general subject matter of the two publications. However, when we examine the background of events leading to the adoption by the defendant of the title "Play Girl," it is manifest that defendant attempted to avail himself of the goodwill and general acceptance of plaintiff's "Play Boy." The inferences to be drawn from the record make it clear that the defendant Hale never published in the past a magazine comparable to the present "Play Girl" and that the programs distributed at carnivals and burlesque shows alluded to as "Play Girls on Parade," did not afford the defendant any prior rights.

The evidence in the case with respect to likelihood of confusion, centers around witnesses either in the employ of the plaintiff or Hugh M. Hefner, president and editor-publisher of the magazine. This testimony is credible and cannot be ignored. The conclusion to be drawn is that there is a likelihood of confusion with respect to the source or origin of the two magazines.

The courts have held that similarity in the title of a publication or product which is likely to lead to confusion constitutes a basis for granting relief to the holder of a trade-mark: Vogue Co. v. Brentano's, D.C., 261 F. 420; New Metropolitan Fiction, Inc. v. Dell Publishing Co., 57 App.D.C. 244, 19 F.2d 718; Popular Mechanics Co. v. Fawcett Publications, D.C., 9 F.Supp. 474; Barnes v. Cahill, 56 Cal.App.2d 730, 133 P.2d 433; N. K. Fairbank Co. v. Luckel, etc. Soap Co., 9 Cir., 102 F. 327.

Defendant has admitted that the pornographic subject matter of "Play Girl" could just as well be published under "Tom Cat," "Girls," "Scandoll," or "Hollywood Confidential," these latter representing other publications distributed by defendant.

Under the circumstances it would seem inequitable that defendant be permitted to avail himself of the substantial expenditures of time, money and effort on the part of plaintiff, in adopting a trademark or trade name so similar to plaintiff's as to necessarily dilute the value.

Plaintiff has validly registered its trademark of "Play Boy" in accordance with the requirements of 15 U.S.C.A. § 1052. Defendant challenged the validity of the trademark in his pleadings, but at the trial itself made no pretense of sustaining the burden of proof which the law imposes upon him if he would establish the invalidity of the trademark. The Court finds that "Play Boy" is a

valid trademark. General Shoe Corporation v. Rosen, 4 Cir., 111 F.2d 95.

The equities herein justify the granting of injunctive relief; alleged damages are disallowed. Findings and decree shall be prepared by plaintiff in accordance with the foregoing.